IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01149-BNB

C. ELI-JAH HAKEEM MUHAMMAD, a.k.a. CHRISTOPHER MITCHELL,

Applicant,

v.

R. WILEY, FCC/ADX Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL - 8 2008

GREGORY C. LANGHAM
CLERK

## ORDER TO FILE PRELIMINARY RESPONSE

Applicant C. Eli-jah Hakeem Muhammad, a.k.a. Christopher Mitchell, is in the custody of the United States Bureau of Prisons (BOP) at ADX Florence. Applicant initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary conviction and conditions of his pre-hearing detention.

Applicant raises nine claims in the Application. In all but one of the claims, he alleges that prison officials failed to follow the guidelines set forth in the Code of Federal Regulations (CFR's). Applicant also asserts other specific claims as follows: (1) In Claims Two and Six, Applicant asserts that there was insufficient evidence to charge him with a disciplinary infraction; (2) in Claim Three, Applicant asserts that he was denied due process when the Disciplinary Hearing Officer (DHO) waived his rights to staff representation at the DHO hearing, even though he had requested staff representation; (3) in Claim Four, Applicant asserts that he was denied his due process rights when the DHO waived his request for a witness, even though he had requested to have a witness; (4) in Claim Five, Applicant asserts that he was denied his due process

rights when the DHO denied his request for video tapes as documentary evidence in his behalf; (5) in Claim Seven, Applicant asserts that he has a liberty interest in the fourteen days of accrued good-time credits that were forfeited as a result of the disciplinary action; and (6) in Claims Eight and Nine, Applicant asserts that he was denied segregation reviews and was subjected to harsh and unsanitary conditions while he was housed in pre-hearing detention.

The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Application reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the [applicant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.*

To the extent that Applicant claims a denial of due process simply because BOP staff may have failed to follow BOP Program Statements or CFR's, in *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a constitutional violation." A review of an applicant's disciplinary proceeding is "limited to whether the three steps mandated by *Wolff* were followed and whether there was some evidence to support the disciplinary committee's findings." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996); *e.g., Diaz v. McGuire*, No. 05-3149, 154 Fed. Appx. 81, 84-85 (10th Cir.(Kan.) Nov. 14, 2005)

2

(stating that prison regulations are not designed to confer rights on inmates, and the process which is due is measured by the due process clause) (unpublished op.), *cert. denied*, 546 U.S. 1221 (2006).

As for Applicant's claims that he was held in pre-hearing detention without segregation reviews and subject to unsanitary and harsh conditions, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), not under 28 U.S.C. § 2241. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

Applicant is warned that he may not attempt to raise conditions of confinement claims in § 2241 actions simply because he is subject to 28 U.S.C. § 1915(g) restrictions in filing civil rights complaints in this Court. If Applicant continues to initiate § 2241 actions in this Court that address condition of confinement claims he will be subject to sanctions in addition to his § 1915(g) restrictions.

The only proper claims raised in this action, therefore, are the disciplinary hearing due process claims, including the lack of some evidence, the denial of staff representation, the denial of an inmate witness, and the denial of video tapes as documentary evidence.

In keeping with the above findings and as part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this case, the Court has determined that a limited Preliminary Response is appropriate but only with respect to Applicant's alleged due process violations in his disciplinary hearing in Incident Report No. 1622516. Respondent is directed pursuant to *Redmon v. Wiley*, — F. Supp.2d —, 2008 WL 1970932 (D. Colo. 2008), and Rule 4 of the Rules Governing

Section 2254 Cases in the United States District Courts, to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. If Respondent does not intend to raise this affirmative defense, Respondent must notify the Court of that decision in the Preliminary Response. Respondent may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits copies of any administrative grievances Applicant has filed raising the issues asserted in the Application, as well as any responses to those grievances. Applicant may reply to the Preliminary Response and provide any information that might be relevant to his efforts to exhaust administrative remedies. Accordingly, it is

ORDERED that **within twenty days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondent does not intend to raise the affirmative defense of exhaustion of administrative remedies, Respondent must notify the Court of that decision in the Preliminary Response.

DATED at Denver, Colorado, this 3rd day of July, 2008.

BY THE COURT:

s/ Craig B. Shaffer
CRAIG B. SHAFFER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01149-BNB

C. Eli-jah Hakeem Muhammad
a/k/a Christopher Mitchell
Reg. No. 02791-088
ADX - Florence
PO Box 8500
Florence, CO 81226

R. Wiley, Warden
c/o Christopher B. Synsvoll
Attorney Advisor
**DELIVERED ELECTRONICALLY**

United States Attorney General **- CERTIFIED**
Room 5111, Main Justice Bldg.
10th and Constitution, N.W.
Washington, D.C. 20530

United States Attorney
District of Colorado
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals, and the following forms to Chris Synsvoll for service of process on R. Wiley; to The United States Attorney General; and to the United States Attorney's Office: APPLICATION FOR WRIT OF HABEAS CORPUS FILED 05/30/08 on 7/8/08.

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk