IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01149-WYD

C. ELI-JAH HAKEEM MUHAMMAD, a.k.a. CHRISTOPHER MITCHELL,

Applicant,

v.

R. WILEY, FCC/ADX Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 29 2008

GREGORY C. LANGHAM
                        CLERK

ORDER TO DISMISS IN PART AND TO ASSIGN CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Applicant C. Eli-jah Hakeem Muhammad, a.k.a. Christopher Mitchell, is in the custody of the United States Bureau of Prisons (BOP) at ADX Florence. Applicant initiated this action on May 19, 2008, by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary conviction in Incident Report (IR) No. 1622516. Upon review of Application, Magistrate Judge Craig B. Shaffer directed Respondent to file a Preliminary Response and assert whether he intends to raise the affirmative defense of exhaustion of administrative remedies with respect to the claims that Applicant raises regarding the denial of due process in his disciplinary proceeding. On July 28, 2008, Respondent filed a Preliminary Response and asserted he does not intend to raise the affirmative defense of exhaustion of administrative remedies. Applicant failed to file a Reply within the time allowed.

Applicant raises nine claims in the Application. In all of the claims, he alleges that his due process rights were violated because prison officials failed to follow the

guidelines set forth in the Code of Federal Regulations (CFR's) in his disciplinary proceeding and in his placement in a Special Housing Unit (SHU) prior to his disciplinary hearing. Applicant also asserts other specific claims as follows: (1) In Claims Two and Six, Applicant asserts that there was insufficient evidence to charge him with a disciplinary infraction; (2) in Claim Three, Applicant asserts that he was denied due process when the Disciplinary Hearing Officer (DHO) waived his rights to staff representation at the disciplinary hearing, even though he had requested staff representation; (3) in Claim Four, Applicant asserts that he was denied his due process rights when the DHO waived his request for a witness, even though he had requested to have a witness; (4) in Claim Five, Applicant asserts that he was denied his due process rights when the DHO denied his request for video tapes as documentary evidence in his behalf; (5) in Claim Seven, Applicant asserts that he has a liberty interest in the fourteen days of accrued good-time credits that were forfeited as a result of the disciplinary action; and (6) in Claims Eight and Nine, Applicant asserts that he was denied segregation reviews and was subjected to harsh and unsanitary conditions while he was housed in pre-hearing detention. As relief he seeks expungement of the incident from his disciplinary record and his earned credits reinstated.

The Court construes the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If an application reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the [applicant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.*

To the extent that Applicant claims a denial of due process simply because BOP staff may have failed to follow the CFR's, in *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a constitutional violation." A review of an applicant's disciplinary proceeding is "limited to whether the three steps mandated by *Wolff* were followed and whether there was some evidence to support the disciplinary committee's findings." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996); *e.g.*, *Diaz v. McGuire*, No. 05-3149, 154 Fed. Appx. 81, 84-85 (10th Cir.(Kan.) Nov. 14, 2005) (stating that prison regulations are not designed to confer rights on inmates, and the process which is due is measured by the due process clause) (unpublished op.), *cert. denied*, 546 U.S. 1221 (2006). Therefore, Claim One lacks merit and will be dismissed as legally frivolous. Also, to the extent that Applicant asserts CFR violations in the remaining claims, those assertions will be dismissed as legally frivolous.

As for Claims Eight and Nine, "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Richards v. Bellmon*, 941 F.2d

requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.*

To the extent that Applicant claims a denial of due process simply because BOP staff may have failed to follow the CFR's, in *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a constitutional violation." A review of an applicant's disciplinary proceeding is "limited to whether the three steps mandated by *Wolff* were followed and whether there was some evidence to support the disciplinary committee's findings." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996); *e.g.*, *Diaz v. McGuire*, No. 05-3149, 154 Fed. Appx. 81, 84-85 (10th Cir.(Kan.) Nov. 14, 2005) (stating that prison regulations are not designed to confer rights on inmates, and the process which is due is measured by the due process clause) (unpublished op.), *cert. denied*, 546 U.S. 1221 (2006). Therefore, Claim One lacks merit and will be dismissed as legally frivolous. Also, to the extent that Applicant asserts CFR violations in the remaining claims, those assertions will be dismissed as legally frivolous.

As for Claims Eight and Nine, "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Richards v. Bellmon*, 941 F.2d

1015, 1018 (10th Cir. 1991). In Claims Eight and Nine, Applicant is challenging his placement in and the conditions of his confinement while he was housed in SHU. Claims Eight and Nine, therefore, are not cognizable in a federal habeas corpus action.

Claims Two, Three, Four, Five, Six, and Seven will be assigned to District Judge Wiley Y. Daniel, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Boyd N. Boland. These claims, however, are to be addressed only to the extent that the claims raise due process violations under *Wolff*. Accordingly, it is

ORDERED that Claims One is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that to the extent Applicant asserts CFR violations in claims other than Claim One, those assertions also are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Claims Eight and Nine are dismissed as inappropriately raised in a 28 U.S.C. § 2241 action. It is

FURTHER ORDERED that Claims Two, Three, Four, Five, Six, and Seven, to the extent these claims raise due process violations under *Wolff*, shall be assigned to Judge Wiley Y. Daniel, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Boyd N. Boland.

DATED at Denver, Colorado, this 26 day of Sept. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01149-BNB

C. Eli-Jah Hakeem Muhammad
a/k/a Christopher Mitchell
Reg. No. 02791-088
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/29/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk